UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES ANTHONY DOUGLAS,

       Petitioner,                                           Case No. 19-cv-10261

v.                                                           Hon. Matthew F. Leitman

MARK McCULLICK,

       Respondent.
_____/

## ORDER (1) GRANTING PETITIONER'S MOTION TO HOLD HABEAS PETITION IN ABEYANCE (ECF #3) AND (2) STAYING THIS CASE PENDING EXHAUSTION OF STATE REMEDIES AND ADMINISTRATIVELY CLOSING THE CASE

Petitioner Charles Anthony Douglas is a state prisoner in the custody of the Michigan Department of Corrections. On January 25, 2019, Douglas filed a *pro se* petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. (*See* Petition, ECF #1.) In 2015, Douglas was convicted of first-degree criminal sexual conduct ("CSC"), third-degree CSC, unarmed robbery, and assault and battery. The state trial court sentenced him to time served for the assault, ten to fifteen years in prison for the third-degree CSC and unarmed robbery, and a consecutive term of forty to ninety years for the first-degree CSC. The Michigan Court of Appeals affirmed Douglas' convictions, but it remanded his case to the state trial court for consideration of the reasonableness and proportionality of his sentence, which exceeded the sentencing guidelines. *See People v. Douglas*, No. 327354 (Mich. Ct.

App. Nov. 1, 2016). On October 31, 2017, the Michigan Supreme Court denied Douglas leave to appeal because it was not persuaded to review the questions presented to it. *See People v. Douglas,* 902 N.W.2d 613 (Mich. 2017). On remand, the state trial court apparently declined to re-sentence Douglas, but that court did appoint appellate counsel for Douglas on November 2, 2018. In the petition, Douglas challenges his convictions on the grounds that (1) "other acts" evidence was erroneously admitted at his trial and (2) the trial court's scoring of the Michigan sentencing guidelines was unreasonable. (*See* Pet., ECF #3.)

Douglas has now filed a motion to hold his habeas petition in abeyance while he seeks to exhaust state court remedies for a new claim regarding the state trial court's failure to re-sentence him following the remand from the Michigan Court of Appeals. (*See* Mot., ECF #3.) Douglas also submitted a letter to the Court in which he asked for permission to attempt to exhaust certain remedies in state court.

State prisoners are required to give the state courts an opportunity to act on their claims before they present their claims to a federal court in a habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This requirement is satisfied if the prisoner "invok[es] one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

To avoid complications with the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1), a federal court may opt to stay a federal habeas petition and

hold further proceedings in abeyance pending resolution of state court post-conviction proceedings. *See Rhines v. Weber,* 544 U.S. 269, 278 (2005). After the petitioner exhausts his state remedies, the federal court may lift its stay and allow the petitioner to proceed in federal court. *Id.* at 275-76. The Court concludes that such a stay is warranted here because it will enable Douglas to attempt to exhaust his state court remedies for all of his claims without fear of violating the rule on second or successive petitions or the statute of limitations. In granting such a stay, the Court is not making any ruling that the motion Douglas seeks to file in state court is permissible in that court or is otherwise cognizable, or that his new claim(s) related to his sentencing can be exhausted in state court. The Court holds only that it will hold Douglas' current federal habeas petition in abeyance while he attempts to exhaust his new claim(s) in state court.

Accordingly, **IT IS HEREBY ORDERED** that Douglas' motion to hold his habeas petition in abeyance while he pursues possible state-court remedies (ECF #3) is **GRANTED**. This stay is conditioned upon Douglas fully exhausting his state-court remedies (if any), including, if necessary, seeking timely review in the Michigan Court of Appeals and Michigan Supreme Court (in the manner provided under Michigan law). The stay is further conditioned on Douglas' return to this Court, with a motion to re-open and amend his petition, using the same caption and case number included at the top of this Order, within **60 days** of fully exhausting his

hold further proceedings in abeyance pending resolution of state court post-conviction proceedings. *See Rhines v. Weber,* 544 U.S. 269, 278 (2005). After the petitioner exhausts his state remedies, the federal court may lift its stay and allow the petitioner to proceed in federal court. *Id.* at 275-76. The Court concludes that such a stay is warranted here because it will enable Douglas to attempt to exhaust his state court remedies for all of his claims without fear of violating the rule on second or successive petitions or the statute of limitations. In granting such a stay, the Court is not making any ruling that the motion Douglas seeks to file in state court is permissible in that court or is otherwise cognizable, or that his new claim(s) related to his sentencing can be exhausted in state court. The Court holds only that it will hold Douglas' current federal habeas petition in abeyance while he attempts to exhaust his new claim(s) in state court.

Accordingly, **IT IS HEREBY ORDERED** that Douglas' motion to hold his habeas petition in abeyance while he pursues possible state-court remedies (ECF #3) is **GRANTED**. This stay is conditioned upon Douglas fully exhausting his state-court remedies (if any), including, if necessary, seeking timely review in the Michigan Court of Appeals and Michigan Supreme Court (in the manner provided under Michigan law). The stay is further conditioned on Douglas' return to this Court, with a motion to re-open and amend his petition, using the same caption and case number included at the top of this Order, within **60 days** of fully exhausting his

state court remedies. *See*, *e.g.*, *Wagner v. Smith* 581 F.3d 410, 411 (6th Cir. 2009) (discussing similar procedure). Finally, because Douglas did not sign or date his current petition, he is reminded to sign and date the amended petition before submitting the petition to the Clerk of this Court. If Douglas fails to comply with any of the conditions described in this paragraph, the Court may dismiss his petition and/or rule only on his currently-exhausted claims (if any). *See Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **CLOSE** this case for administrative purposes only. Nothing in this Order or the related docket entry shall be construed as an adjudication of any of Douglas' claims. *See Sitto v. Bock*, 207 F.Supp.2d 668, 677 (E.D. Mich. 2002).

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: June 27, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 27, 2019, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764