UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES ANTHONY DOUGLAS,

    Petitioner,                                     Case No. 19-cv-10261
                                                        Hon. Matthew F. Leitman

v.

MARK McCULLICK,

    Respondent.

_____/

## ORDER DENYING PETITIONER'S REQUEST FOR THE APPOINTMENT OF COUNSEL AND FOR RELEASE ON BOND (ECF No. 18)

Petitioner Charles Douglas has filed a motion for the appointment of counsel and for release on bond. (*See* Mot., ECF No. 18.) The motion is **DENIED**.

The Court begins with Douglas' request for counsel. Prisoners have no constitutional right to counsel in a collateral attack on their convictions. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Furthermore, "habeas corpus is a civil proceeding," *Browder v. Dir., Dep't of Corr. of Illinois*, 434 U.S. 257, 269 (1978), and the "appointment of counsel in a civil proceeding ... is justified only in exceptional circumstances." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003) (affirming order denying prisoner's motion to appoint counsel in civil action). When determining whether exceptional circumstances exist, "courts typically consider 'the type of case and the ability of the plaintiff to represent himself.'" *Id.* (quoting *Archie*

1

*v. Christian*, 812 F.2d 250, 253 (5th Cir. 1987)). Douglas has not yet persuaded the Court that the nature of his claims requires the appointment of counsel, and the Court notes that Douglas has thus far been able to present his positions in a reasonably effective manner. The Court will continue to carefully review the filings in this action and will appoint counsel in the future if the Court becomes convinced that such an appointment is appropriate.

The Court next turns to Douglas' request for bond. This Court has previously explained that the following standard applies to requests for bond by a habeas petitioner whose claim is under review:

> This Court has "inherent authority" to grant bond to a habeas petitioner while his petition is under review. *Nash v. Eberlin,* 437 F.3d 519, 526, n. 10 (6th Cir. 2006). But that authority is narrow. "Since a habeas petitioner is appealing a presumptively valid state court conviction, both principles of comity and common sense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee v. Jabe,* 989 F.2d 869, 871 (6th Cir. 1993). "In order to receive bail pending a decision on the merits, prisoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice." *Dotson v. Clark,* 900 F.2d 77, 79 (6th Cir. 1990) (quoting *Aronson v. May,* 85 S.Ct. 3, 5, 13, 13 L.Ed.2d 6 (1964) (Douglas, J., in chambers)). Simply put, "[m]erely to find that there is a substantial question is far from enough." *Lee,* 989 F.2d at 871 (quoting *Glynn v. Donnelly,* 470 F.2d 95, 98 (1st Cir. 1972)).
>
> Neither the United States Supreme Court nor the United States Court of Appeals for the Sixth Circuit has provided definitive guidance for determining whether a petitioner's "circumstances" are so "exceptional" as to justify release pending review of his habeas claims.

2

> Unpublished decisions from this Court suggest that "exceptional circumstances" warranting release during review "have been limited to situations where (1) the prisoner was gravely ill, (2) the prisoner committed a minor crime and is serving a short sentence, or (3) possibly where there was an extraordinary delay in processing the habeas petition." *Scheidler v. Berghuis,* 07–cv–01346, 2008 WL 161899 (E.D. Mich. 2008) (citations omitted); *see also Milstead v. Sherry,* 07–cv–15332, 2009 WL 728540 (E.D. Mich. 2009) (citation omitted). This much is clear: federal courts very rarely find "exceptional circumstances" and very rarely release petitioners before ruling on the merits of their claims. Indeed, there seem to be but a handful of decisions in which federal courts have released petitioners pending review of their claims.

*Blocksom v. Klee*, No. 11-cv-14859, 2015 WL 300261, at *4 (E.D. Mich. Jan. 22, 2015). Douglas has not yet persuaded the Court that his case satisfies the exceptional circumstances test such that bond at this point would be warranted. Accordingly, Petitioner's Request for the Appointment of Counsel and for Release on Bond (ECF No. 18) is **DENIED**.

    **IT IS SO ORDERED.**

                                                  s/Matthew F. Leitman  
                                                  MATTHEW F. LEITMAN  
                                                  UNITED STATES DISTRICT JUDGE

Dated:  March 21, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 21, 2023, by electronic means and/or ordinary mail.

                                                  s/Holly A. Ryan  
                                                  Case Manager  
                                                  (313) 234-5126