UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES DOUGLAS,

      Petitioner,                              Case No. 19-cv-10261
                                                              Hon. Matthew F. Leitman

v.

BECKY CARL,

      Respondent.
_____/

**<u>ORDER DENYING RESPONDENT'S MOTION TO DISMISS (ECF No. 25)
AND DIRECTING RESPONDENT TO FILE A RESPONSIVE PLEADING</u>**

Petitioner Charles Douglas is a state inmate presently in the custody of the Michigan Department of Corrections.  On January 25, 2019, Douglas filed a petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. (*See* Pet., ECF No. 1.)  In the Petition, Douglas seeks relief from his convictions in the Wayne County Circuit Court for first-degree criminal sexual conduct ("CSC-I"), Mich. Comp. Laws § 750.520b(1)(d)(ii); third-degree criminal sexual conduct ("CSC-III"), Mich. Comp. Laws § 750.520d(1)(b); unarmed robbery, Mich. Comp. Laws § 750.530; and assault and battery, Mich. Comp. Laws § 750.81.

Now before the Court is Respondent's Motion to Dismiss. (*See* Mot., ECF No. 25.)  Respondent argues that the Court lacks subject-matter jurisdiction to consider the Petition.  For the reasons explained below, the motion is **DENIED**.

1

**I**

This case has a lengthy and complicated procedural history. The aspects of that history that are relevant to the pending motion are as follows.

On February 18, 2015, a jury in the Wayne County Circuit Court convicted Douglas of CSC-I, CSC-III, unarmed robbery, and assault and battery. On March 9, 2015, the state court sentenced Douglas to time-served for the assault, ten to fifteen years in prison for the CSC-III and robbery convictions, and a consecutive term of forty to ninety years in prison for the CSC-I conviction. (*See* St. Ct. Sent. Tr., ECF No. 26-16, PageID.2073-2074.) The court subsequently memorialized its sentence in an Amended Judgment of Sentence that it entered on April 15, 2015 (the "April 2015 Sentence"). (*See* April 2015 Sentence, ECF No. 26-21, PageID.2276.)

Douglas thereafter filed Claim of Appeal in the Michigan Court of Appeals. (*See* Claim of Appeal, ECF No 26-21, PageID.2268.) The Court of Appeals affirmed his convictions. *See People v. Douglas*, 2016 WL 6495285 (Mich. Ct. App., Nov. 1, 2016). However, the Court of Appeals remanded the case to the trial court for reconsideration of the April 2015 Sentence in light of "significant changes to Michigan's sentencing scheme" that occurred "after [Douglas] was sentenced." *Id*.

at *5. Those changes "were effectuated by the Michigan Supreme Court's decision" in *People v. Lockridge*, 870 N.W.2d 502 (Mich. 2015).[1] *Id.*

The Michigan Court of Appeals next explained that on remand, the trial court should follow the "procedure adopted in *United States v. Crosby*, 397 F.3d 103 (CA 2, 2005)." *Id.* Under a so-called *Crosby* remand, a trial court decides "*whether* to resentence" the defendant and "should either place on the record a decision not to resentence, with an appropriate explanation, or vacate the sentence" and impose a new sentence. *Crosby*, 397 F.3d at 120 (emphasis in original).

After the Michigan Court of Appeals ordered the *Crosby* remand, Douglas filed an Application for Leave to Appeal in the Michigan Supreme Court. On October 31, 2017, that court denied the Application because it was not persuaded to review the questions presented. *See People v. Douglas*, 902 N.W.2d 6113 (Mich. 2017). The case then returned to the trial court for proceedings in connection with the *Crosby* remand.

On the *Crosby* remand, the trial court declined to impose a different sentence upon Douglas; it left intact the April 2015 Sentence. (*See* 3/30/2018 Hr'g Tr., ECF No. 26-17, PageID.2087.) Thereafter, on November 13, 2018, Douglas filed a Claim

---

[1] As the Michigan Court of Appeals explained, in *Lockridge,* the Michigan Supreme Court held "that Michigan's sentencing guidelines are 'constitutionally deficient' to the extent that judicial fact-finding could be used to increase the guidelines minimum sentence range." *Douglas*, 2016 WL 6495285, at *5 (quoting *Lockridge*, 870 N.W.2d at 506).

3

of Appeal in the Michigan Court of Appeals. (*See* Claim of Appeal, ECF No. 26-22, PageID.2381.) In that appeal, Douglas challenged the refusal of the trial court to resentence him on the *Crosby* remand.

On January 25, 2019 – with his state-court appeal still pending before the Michigan Court of Appeals – Douglas filed the Petition in this Court. (*See* Pet., ECF No. 1.) The Petition raised one claim arising out of the admission of certain evidence and a second claim seeking relief from his sentence. (*See id*.)

After Douglas filed the Petition (and before Respondent took any action on the Petition), Douglas asked this Court to stay the proceedings so that he could exhaust in the state courts the claim in the Petition seeking relief from his sentence; he acknowledged that he had not yet fully exhausted that claim. (*See* Mot., ECF No. 3, PageID.56-57.) On June 27, 2019, the Court granted Douglas's request and stayed these proceedings. (*See* Order, ECF No. 6.)

On November 12, 2019, the Michigan Court of Appeals again remanded Douglas's case for further proceedings related to Douglas's sentence. (*See* Mich. Ct. of Appeals Order, ECF No. 26-22, PageID.2380.)

On this second remand, the state trial court re-sentenced Douglas to eight to fifteen years in prison, each, for the CSC-III and unarmed robbery convictions and twenty-three years, nine months to fifty years in prison for the CSC-I conviction.

4

The trial court imposed that sentence on December 15, 2021 (the "December 2021 Sentence"). (*See* Resentencing Tr., ECF No. 26-20, PageID.2258-59.)

On January 7, 2022, Douglas filed another Claim of Appeal in the Michigan Court of Appeals. (*See* Claim of Appeal, ECF No. 26-24, PageID.2809.) In that appeal, Douglas challenged the December 2021 Sentence.

On March 1, 2022, while Douglas's appeal from the December 2021 Sentence remained pending before the Michigan Court of Appeals, Douglas returned to this Court and filed a motion to re-open his habeas case and to file an Amended Petition. (*See* Mot., ECF No. 7.) This Court granted the motion and directed that the Amended Petition be served on Respondent. (*See* Order, ECF No. 14.)

Instead of filing a responsive pleading addressing Douglas's claims on the merits, Respondent filed a Motion to Dismiss for lack of subject-matter jurisdiction. (*See* Mot., ECF No. 25.) As explained in more detail below, Respondent argues that the Court lacks jurisdiction to consider the Petition because Douglas's Judgment of Sentence was not final at the time he filed the Petition. (*See id.*)

Finally, on March 23, 2023, the Michigan Court of Appeals affirmed the December 2021 Sentence. *See People v. Douglas*, No. 359841, 2023 WL 2618472, at *1 (Mich. Ct. App., Mar. 23, 2023). Douglas did not seek further review of that ruling in the Michigan Supreme Court.

5

II

As explained above, Respondent argues that the Court lacks subject-matter jurisdiction because Douglas filed the Petition before his Judgment of Sentence had become final. Respondent says that the Judgment was not final because Douglas's direct appeal "was still pending in the state courts." (Mot., ECF No. 25, PageID.1075.) The Court disagrees.

A

As Respondent acknowledges, pursuant to 28 U.S.C. § 2254(a), a district court has subject-matter jurisdiction over a habeas petition filed by a petitioner who is "in custody pursuant to the judgment of a State court." (*Id.*, PageID.1087, quoting 28 U.S.C. § 2254(a)). "Final judgment in a criminal case means sentence. The sentence is the judgment." *Burton v. Stewart*, 549 U.S. 147, 156 (2007) (internal quotation marks omitted).

Here, Douglas was in custody pursuant to a final judgment of a state court at the time he filed the Petition. More specifically, he filed the Petition on January 25, 2019, and at that time, he was in custody pursuant to the April 2015 Sentence. That sentence, when imposed, was a final judgment, *see Burton, supra*, and it had not been vacated or disturbed by any of the proceedings that occurred between the date that it was entered – April 15, 2015 – and the date that Douglas filed the Petition.

Four things happened between the time that the state trial court imposed the April 2015 Sentence and the time Douglas filed the Petition, and none of them stripped the April 2015 Sentence of its binding effect. First, the Michigan Court of Appeals ordered the *Crosby* remand so that the trial court could consider whether to impose a different sentence. In ordering that remand, the Michigan Court of Appeals did not vacate the April 2015 Sentence. Indeed, the whole point of a *Crosby* remand is to permit a *trial court* to determine *whether* to vacate a previously-imposed sentence. *See Crosby*, 397 F.3d at 120 (authorizing trial court to "place on the record a decision not to resentence, with an appropriate explanation, or vacate the sentence" and impose a new sentence). Second, the Michigan Supreme Court denied leave to appeal. That decision had no impact on the April 2015 Sentence. *See Valentino v. Oakland Cnty. Sheriff*, 381 N.W.2d 397, 403 n.8 (Mich. 1986) ("While leave to appeal was denied on issues previously presented, denials of leave to appeal do not constitute rulings on their merits."). Third, the case returned to the trial court on the *Crosby* remand, and that court declined to impose a different sentence. That decision also did not disturb the April 2015 Sentence. Finally, Douglas filed a Claim of Appeal in the Michigan Court of Appeals challenging the trial court's refusal to resentence him on the *Crosby* remand. That filing did not disturb the April 2015 Sentence. *See* Mich. Ct. Rule 7.209(A)(1) (providing that filing of a Claim of Appeal

7

"does not stay the effect or enforceability of a judgment or order of a trial court unless the trial court or the Court of Appeals otherwise orders").

Because the proceedings that occurred between the imposition of the April 2015 Sentence and the filing of the Petition in this case did not strip the April 2015 Sentence of its binding force, Douglas was in custody pursuant to that sentence – and thus "in custody pursuant to the judgment of a State court" – at the time he filed the Petition. The Court therefore has jurisdiction over the Petition. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570 (2004) (explaining that subject-matter jurisdiction is determined based upon "the state of things at the time the action is brought").

**B**

Respondent's argument that Douglas's Judgment of Sentence was not final when Douglas filed the Petition because Douglas was still challenging his sentence on direct review erroneously conflates two distinct concepts: finality of a judgment for purposes of subject-matter jurisdiction under Section 2254(a) and finality of a judgment for purposes of the habeas statute of limitations under 28 U.S.C. § 2244(d)(1)(A) (the "Limitations Statute"). The Limitations Statute provides that for purposes of calculating the limitations period, a judgment becomes "final" by the "conclusion of direct review or the expiration of the time for seeking such review." But Section 2254(a) contains no similar definition of "final," and there is no reason

8

to believe that Section 2254(a) incorporates the Limitations Statute's definition of finality. Indeed, the Supreme Court has explained that a petitioner may be "in custody pursuant to the judgment of a State court" for purposes of subject-matter jurisdiction under Section 2254(a) "even if" his "judgment [is] not final for purposes of triggering AEDPA's statute of limitations." *Burton,* 549 U.S. at 157.

Respondent cites no published authority for the proposition that a petitioner who has been sentenced in state court is not "in custody pursuant to a judgment of a State court" during the time that he is challenging his sentence on direct review. Instead, Respondent relies primarily on the Sixth Circuit's unpublished order in *Davis v. Warren*, 2019 WL 3035577 (6th Cir., Feb 19, 2019). The Sixth Circuit panel in *Davis* did hold, as Respondent argues here, that a district court lacked subject-matter jurisdiction over a petition that was filed before the conclusion of direct review appeal proceedings in which the petitioner was challenging his sentence.

The Court respectfully declines to follow *Davis* for several reasons. First, as an unpublished order, *Davis* is not binding on the Court. *See Meadows v. City of Walker, Mich.*, 46 F.4th 416, 424 (6th Cir. 2022), reh'g *en banc* denied, 2022 WL 10219851 (6th Cir., Sept. 26, 2022). Second, the panel in *Davis* did not have the benefit of full adversarial proceedings in connection with the jurisdictional question. The petitioner was proceeding *pro se*, and neither party raised nor briefed the

jurisdictional issue. *See Davis*, 2019 WL 3035577, at *2. Third, the panel in *Davis* seems to have imported the finality provision of the Limitations Statute into Section 2254(a), *see id.*, and for the reasons explained above, the Court respectfully disagrees with that reading of Section 2254(a). Finally, the conclusion reached by the panel in *Davis* seems to be at odds with the controlling authority cited by the panel. The panel in *Davis* recognized that a "final judgment in a criminal case" occurs upon "'conviction and the imposition of sentence,'" *id.* (quoting *Flanagan v. United States*, 465 U.S. 259, 263 (1984)), but the panel nonetheless held that the judgment in that case was not final even though the petitioner had been convicted and sentenced. *See id.*

The Court notes that while a handful of district courts have followed *Davis* in unpublished decisions, the Sixth Circuit has never cited, much less followed, *Davis*. The unpublished order in *Davis* does not persuade the Court that it lacks subject-matter jurisdiction over Douglas's Petition.[2]

---

[2] While a district court has subject-matter jurisdiction over a petition that is filed after sentencing in state court but before the conclusion of direct review, a petitioner who files such a petition may face a host of procedural obstacles to relief. By way of example, that petitioner may find himself on the losing end of a failure to exhaust defense. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Thus, in this case, it is possible that the Court will not reach the merits of Douglas' claims even though the Court has subject-matter jurisdiction over the Petition.

10

## III

For the reasons explained above, Respondent's Motion to Dismiss (ECF No. 25) is **DENIED**.

Respondent shall file a full responsive pleading to Douglas's Petition raising any and all defenses by no later than **July 8, 2024**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  March 15, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 15, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126