UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES DOUGLAS,

       Petitioner,                     Case No. 19-cv-10261
                                               Hon. Matthew F. Leitman

v.

BECKY CARL,

       Respondent.

_____/

### ORDER (1) DENYING PETITIONER'S MOTION FOR DEFAULT JUDGMENT (ECF No. 33) AND (2) DENYING WITHOUT PREJUDICE PETITIONER'S REQUEST FOR THE APPOINTMENT OF COUNSEL (ECF No. 40)

In this action, Petitioner Charles Douglas seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (*See* Pet., ECF No. 11.)  Now before the Court are (1) Douglas' motion for a default judgment and (2) Douglas' request for the appointment of counsel. (*See* Mot., ECF No. 33; Req., ECF No. 40.)  The Court will review each request for relief separately.[1]

_____

[1] On February 25, 2025, Douglas also asked the Court to extend the time for him to file a reply brief in support of his habeas petition. (*See* Req., ECF No. 40.)  Douglas filed that reply on March 11, 2025. (*See* Reply, ECF No. 42.)  Douglas' request for an extension of time is therefore moot.

1

The Court begins with Douglas' motion for a default judgment. Douglas seeks a default judgment based on Respondent's alleged failure to timely respond to the petition. (*See* Mot., ECF No. 33.) Douglas is not entitled to relief for two reasons.

First, Respondent did not file a late response to the petition. On March 14, 2024, the Court ordered Respondent to file a response to the petition by no later than July 8, 2024. (*See* Order, ECF No. 31, PageID.3565.) Respondent then did so. She filed her Answer, as directed, on July 8, 2024. (*See* Answer, ECF No. 32.) Thus, Douglas is not entitled to a default judgment based on an allegedly-late responsive pleading.[2]

Second, even if Respondent had filed her responsive pleading after the Court's imposed deadline, Douglas still would not be entitled to a default judgment. Indeed, default judgments are not available in habeas corpus proceedings under 28 U.S.C. § 2254 on the basis that state officials failed to timely respond to a petition. *See Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970); *Whitfield v. Martin*, 157 F.Supp.2d 758,

---

[2] While Respondent did file her response to the petition on time, it does appear that there was some delay in serving that response on Douglas. Shortly after Douglas filed his Motion for Default Judgment, the Court learned that he was not served with Respondent's Answer. Respondent served the Answer on Douglas at the Gus Harrison Correctional Facility – which was the address shown on the Court's docket at the time – but it seems that Douglas was housed elsewhere at that time. Therefore, Douglas did not receive the Answer. The Court directed Respondent to re-serve the Answer at Douglas' most recent address of record. Douglas has since advised the Court that he has been served with Respondent's Answer to the petition. (*See* ECF No. 38, PageID.3710.) The delay in Douglas' receipt of the petition does not in any way entitle him to a default judgment.

761 (E.D. Mich. 2001). The failure of the State to respond timely does not relieve Douglas from his burden of showing that his custody is in violation of federal law. *See United States v. Bawgus*, 782 F. App'x 408, 410 (6th Cir. 2019). Douglas is therefore not entitled to a default judgment even if the Answer was untimely.   For all of these reasons, Douglas' Motion for Default Judgment is **DENIED**.

The Court next turns to Douglas' request that the Court appoint him counsel. (*See* Req., ECF No. 40.) That request is **DENIED WITHOUT PREJUDICE**.  The Court is not yet persuaded that is necessary or appropriate to appoint counsel for Douglas at this time. *See Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986) ("The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require.").  If the Court determines that it is appropriate to appoint Douglas counsel as this case progresses, it will appoint counsel at that time.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
Dated:  March 11, 2025                    UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 11, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-512